UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RYAN WILLIAM CAMPBELL, | Case No. 5:16-cv-01768-HRL |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| SERGEANT M. BURNS, DEPUTY J. PEREZ, DEPUTY J. SULLIVAN, DEPUTY M. TSUCHIRA, THE COUNTY OF MONTEREY and DOE 1 through and including DOE 5,, | Re: Dkt. No. 8 |
| Defendants. | |

This civil rights suit arises from plaintiff Ryan Campbell's arrest on Valentine's Day 2015. He sues Monterey County (County) and several of its peace officers, claiming that County Sheriff's deputies used excessive force during the arrest. Pursuant to Fed. R. Civ. P. 12(b)(6), defendants now move to dismiss two of Campbell's claims. Plaintiff opposes the motion. The matter is deemed suitable for determination without oral argument, and the July 26, 2016 hearing is vacated.[1] Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers,[2] this

---

[1] Plaintiff's counsel's request for telephonic appearance (Dkt. 19) is denied as moot.

[2] Defendants request that this court take judicial notice of various state court records, apparently for the purpose of having this court draw conclusions on ultimate issues in dispute---namely, whether the defendants' use of force was justified. That is not an appropriate determination to be made on the instant motion, and this court finds it unnecessary to consider those materials to

court denies the motion.[3]

The following background facts are drawn from the complaint's allegations, which are deemed true for the present purpose of resolving the instant motion:

On February 14, 2015, Campbell and his girlfriend, Tiffany Harward, were at the AT&T golf tournament in Pebble Beach, California. They went to the Tap Room, a restaurant located inside The Lodge at Pebble Beach. Harward later stepped outside for some fresh air, at which time defendant Deputies Perez and Sullivan told her that she must immediately leave the premises. Because the deputies would not permit her to return to the restaurant, Harward texted plaintiff, who then joined her outside. Deputy Sullivan allegedly told Campbell that Harward was sick and needed to leave. Campbell and Harward left in a taxi.

Less than thirty seconds into the cab ride, plaintiff realized he left his wallet at the restaurant. At his request, the cab driver turned around and returned to the premises so he could retrieve his wallet.

Upon their return, Campbell and Harward stepped out of the taxi and were spotted by Deputies Sullivan and Tsuchira and by Sergeant Burns, who made a beeline for the couple. According to plaintiff, these defendants "immediately displayed an aggressive demeanor" and began to shout at them, demanding to know why they had come back. (Dkt. 1, Complaint ¶ 17). Nevertheless, defendants allegedly "closed their ears to any explanation and shouted orders to [Campbell and Harward] to 'shut up.'" (Id.).

Campbell says that, based on their behavior, he believed that Sullivan, Tsuchira, and Burns were angry that he apparently had defied their orders to leave. Sensing that they were about to use physical force against him, plaintiff says that he put his hands up, with his palms facing forward, to signal his submission to their authority---all the while, trying to explain that he had returned for his wallet.

At that point, Campbell says that, even though his hands were still up, and without any

---

resolve the motion in any event. Defendants' request for judicial notice is denied.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

warning or provocation, Sullivan and Tsuchira "each grabbed one of [his] arms, spun him around, and then slammed him face down onto the tarmac." (Complaint ¶ 19). Deputy Perez allegedly then "joined his partners in battering [plaintiff]." (Id.). The complaint goes on to allege that before handcuffing Campbell, "the Deputies repeatedly hit him on the back of his head, knowingly forcing his face into the rough and highly abrasive tarmac," and ignored his cries of pain and pleas to stop. (Id. ¶ 20). The deputies eventually handcuffed plaintiff and sat him up. Campbell says that his entire face was covered with blood; and, until emergency medical technicians arrived, he sat on the ground crying, still trying to explain that he only wanted to get his wallet.

Campbell's complaint asserts three claims for relief. The first is asserted against the individual defendants pursuant to 42 U.S.C. § 1983 for violation of his civil rights under the First, Fourth, and Fourteenth Amendments (the right to free speech, the right not to be deprived of property without due process, and the right to be free from excessive force). This claim is not challenged by defendants on the present motion.

It is the second and third claims that defendants seek to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Those claims are for violation of the Bane Act (Cal. Civ. Code § 52.1(b)) as to the individual defendants; and for vicarious liability/respondeat superior (Cal. Gov't Code § 815.2) as to the County. For the reasons discussed below, the court denies defendants' motion to dismiss these claims.

### LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those

conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

### A. Claim 2: Violation of the Bane Act, Cal. Civ. Code § 52.1(b)

Campbell asserts this Bane Act claim against the individual defendants. They contend that dismissal is warranted because this claim is encompassed by plaintiff's first claim for relief under 42 U.S.C. § 1983. In essence, section 52.1 of California's Bane Act provides that any individual whose exercise or enjoyment of federal or state constitutional rights have "been interfered with" "by threat, intimidation, or coercion" may bring a civil suit for damages, injunctive relief, and appropriate equitable and declaratory relief. See Cal. Civ. Code § 52.1(a), (b).

Defendants posit that Campbell cannot state a claim for relief under the Bane Act if the

basis for that claim is the same as the one underlying his § 1983 claim. The cases defendants cite, however, say nothing of the kind. In those decision, the § 1983 claim failed because there was no evidence that any constitutional violation occurred. And, because the plaintiffs based their Bane Act claim on the same alleged constitutional violation, their Bane Act claim necessarily also failed. See Reynolds v. Cnty. of San Diego, 84 F.3d 1162, 1170-71 (9th Cir. 1996), overruled on other grounds by Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997); Mendez v. Cnty. of Alameda, No. C03-4485 PJH, 2005 WL 3157516, at *9 (N.D. Cal., Nov. 22, 2005).

Defendants' motion to dismiss Claim 2 is denied.

### B.     Claim 3:   Vicarious Liability/Respondeat Superior, Cal. Gov't Code § 815.2

Campbell asserts this claim against the County. Section 815.2 of the California Government Code provides, in relevant part:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

Cal. Gov't Code § 815.2(a).

The County argues that because plaintiff has not alleged a separate and distinct state constitutional violation, Claim 3 is really just a § 1983 claim. As such, the County contends that this claim must be dismissed because plaintiff has not alleged a County policy, practice, or custom under Monell.[4] However, the County cites no authority that Campbell is precluded from seeking to hold the County liable under California Gov't Code § 815.2, rather than § 1983. And, while there is no dispute that there is no respondeat superior liability under § 1983, as explained by the Ninth Circuit:

> The result is different with regards to [plaintiff]'s state law claim for excessive force under California Civil Code § 52.1. Because California has rejected the Monell rule, see Cal. Gov't Code § 815.2, state law "imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune." Robinson, 278 F.3d at 1016. The defendants do not raise any state statutory immunities. Thus, should [plaintiff] prevail on her excessive force claim, liability could extend to the County.

---

[4] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

Cameron v. Craig, 713 F.3d 1012, 1023-24 (9th Cir. 2013).

The County's motion to dismiss Claim 3 is denied.

### C.  Whether the complaint states sufficient facts

Finally, defendants contend that the complaint merely contains formulaic recitations and does not allege sufficient facts that would entitle plaintiff to relief.  This court disagrees.  As discussed above, the complaint asserts detailed facts as to the incident in question and the alleged excessive force used by the defendant deputies.  Defendants dispute Campbell's alleged version of events (they claim that he was unruly and that the amount of force used was necessary to bring him under control).  Under the standard governing Fed. R. Civ. P. 12(b)(6) motions, however, this court must accept the complaint's allegations as true in evaluating the sufficiency of plaintiff's pleading.  Plaintiff's allegations are sufficiently pled.

## ORDER

Based on the foregoing, defendants' motion to dismiss Claims 2 and 3 of the complaint is denied.

SO ORDERED.

Dated:  July 22, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-01768-HRL Notice has been electronically mailed to:

Charles Anthony Piccuta    charles@piccutalaw.com

Irven L. Grant    granti@co.monterey.ca.us, mcmillincb@co.monterey.ca.us, zinmank@co.monterey.ca.us